USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    01/29/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHONDA L. H.-B.,

               Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

26-CV-425 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, non-dispositive pretrial motions, and settlement, and for report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Dkts. 9, 14. All motions and applications must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.[1]

## Background

Plaintiff Rhonda L. H.-B., proceeding pro se, commenced this action on January 16, 2026, by filing a 558-page Complaint (Dkt. 1 through Dkt. 1-14), using the 3-page form designed for seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g), to which she attached 555 pages of exhibits, legal argument, and other documents. Although these materials are somewhat difficult to parse (in part because plaintiff has redacted many of the underlying administrative records to conceal names, addresses, and case numbers), it appears that plaintiff's principal objective is to reinstate the Supplemental

---

[1] A party may serve and file objections to any nondispositive order of the Magistrate Judge within 14 days after being served with a copy of that order. Fed. R. Civ. P. 72(a). Likewise, a party may serve and file "specific written objections" to any report and recommendation by the Magistrate Judge on a dispositive motion within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2).

Security Income (SSI) benefits that the Social Security Administration (SSA) granted to her daughter Nalani J.B. (Nalani) – then a minor – on January 27, 2014. Dkt. 1 at ECF p. 6. On June 12, 2017, the SSA notified plaintiff by letter that even though Nalani was "now over age 18," the SSA would continue sending her SSI payments to plaintiff as Nalani's representative payee. *Id*. at ECF pp. 7, 10. But on November 21, 2017, the SSA issued a Notice of Disapproved Claim, advising that Nalani "no longer qualified" for SSI under "the definition of disability for adults," and that her last SSI payment would be for January 2018. *Id*. at ECF p. 11. The Notice of Disapproved Claim also explained that any Request for Reconsideration (appeal) must be submitted in writing within 60 days. *Id.*

Plaintiff alleges that the Notice of Disapproved Claim was "not addressed to proper party, not legally sufficient, void for vagueness, and mailed to [an] obsolete address." Dkt. 1-3 at ECF p. 14.[2] Plaintiff also alleges that she did not know about the Notice of Disapproved Claim (even though Nalani's SSI payments ceased after January 2018) until August 8, 2019, when she visited an SSA facility and – that same day – filed a "timely, written, and date-stamped appeal." Dkt. 1-2 at ECF p. 30. Plaintiff attaches a (redacted) copy of her August 8, 2019 Request for Reconsideration, in which she complained that the SSA acted "abruptly," without notice or due process, and requested, *inter alia*, "restoration of claim performance." Dkt. 1 at ECF p. 9.

Plaintiff alleges that her August 8, 2019 Request for Reconsideration "remains unprocessed," and was "never indexed, never docketed, and . . . never assigned for adjudication." Dkt. 1-2 at ECF p. 30 (emphases omitted unless otherwise indicated). However, her pleading includes the first page of a June 10, 2021 letter from the SSA, sent to the same address that plaintiff provided this Court, advising plaintiff that her Request for Reconsideration ("in which you ask us

---

[2] Because plaintiff redacted the addressee information in the Notice of Disapproved Claim, this Court cannot tell who it was addressed to or where it was mailed.

to review our decision that benefits be reinstated for Nalani") was dismissed "because you are not the proper requestor and you have not submitted proof that you have the right to request an appeal." Dkt. 1 at ECF p. 13.

Plaintiff acknowledges that the SSA's June 10, 2021 letter was "addressed to the correct address and to [plaintiff]," but accuses the agency of "falsely asserting" that she was not "authorized to appeal" on behalf of her daughter. Dkt. 1-2 at ECF p. 25. Elsewhere in her pleading, plaintiff alleges that the zip code on the June 10, 2021 letter was incorrect, making the letter undeliverable, and that she did not actually receive it until some time in 2024, when it was "anonymously forwarded" to her. Dkt. 1-7 at ECF p. 18.

It is not clear from the Complaint and its attachments whether or when plaintiff responded to the June 10, 2021 letter – or made any other attempt to pursue her August 9, 2019 Request for Reconsideration. However, her pleading includes an SSA form which suggests that she and/or Nalani made another effort, in March 2023, to appeal the November 21, 2017 Notice of Disapproved Claim. The form is titled Good Cause for Late Filing and states:

> On 11/21/2017, you were notified of the decision on your claim for disability benefits. That notice explained that if you wanted a Reconsideration, you had to request it within 60 days. We received your appeal on 03/23/2023 which is after your 60 days expired. Please explain below in detail why you did not file your Reconsideration within 60 days.

Dkt. 1 at ECF p. 14.

It is not clear from the Complaint and its attachments whether plaintiff or Nalani ever filled out the form and submitted it to the SSA. However, fourteen months later, in a letter dated May 3, 2024, the SSA memorialized a conversation that plaintiff had that day with an SSA representative. Dkt. 1 at ECF p. 16.[3] The letter states, in relevant part: "You told us that you do not want to file a claim for SSI. You would like to reopen your daughters case instead. You stated you would bring

---

[3] Plaintiff's pleading includes only the first page of the May 3, 2024 letter.

proof of the facts of the case to the social security office." *Id*. The SSA then suggested that plaintiff "may want to file a claim for SSI" rather than attempt to reopen the old case, and urged her, "If you decide to file, you should do so right away." *Id*. It is not clear from the Complaint and its attachments whether plaintiff or Nalani ever brought "proof of the facts of the case to the social security office," or filed a new SSI claim.

On June 12, 2024, plaintiff delivered (via USPS, to a redacted address) a document entitled "Final Opportunity to Cure, Demand for Specific Performance, and Emergency Relief." Dkt. 1 at ECF pp. 28-29 (Demand). In her Demand, plaintiff "granted" the SSA 21 days "to provide the equitable relief requested," including "Restored monthly benefits," a "Retroactive lump sum," and "Reimbursement of Authorized Representative Payee fees." *Id*. at ECF pp. 37, 42-43. Plaintiff alleges that the SSA did not respond to the Demand. Dkt. 1-2 at ECF p. 9. A year and a half later, plaintiff filed this action.

On January 27, 2026, plaintiff filed a motion for a temporary restraining order (TRO), in which she refers to herself as the "Attorney of Record and SSA-confirmed Authorized Representative Payee" for an unnamed beneficiary – presumably Nalani – and seeks, among other things, an order directing the SSA to (i) immediately release "unlawfully withheld SSI benefits" from February 2018 to the present, and (ii) immediately resume making "monthly SSI payments pending final adjudication." Dkt. 11 at ECF pp. 1, 2.[4] In support of her TRO motion, plaintiff argues that *she* has been irreparably harmed by being "deprived of subsistence benefits for 96 consecutive months." *Id*. at ECF p. 1. No further detail is provided, and there is no discussion of harm, if any, to Nalani. Most recently, on January 28, 2026, plaintiff submitted a letter requesting an "expedited R&R within 24 hours" to "prevent further irreparable harm and restore *Plaintiff's*

---

[4] Plaintiff's name does not appear on the roster of attorneys admitted to practice in this Court, or in the State of New York.

property interests." Dkt. 18 at ECF p. 1, 2 (emphasis added). Again, there is no discussion of Nalani.

The Commissioner was electronically notified of the commencement of this action on January 23, 2026, and has appeared through counsel. Dkts. 5, 16. Pursuant to Rules 4(a) and 4(c) of the Supplemental Rules for Social Security, the Commissioner must answer the Complaint, or serve a motion pursuant to Fed. R. Civ. P. 12, by March 24, 2026.

### Briefing Schedule for Motion(s)

Plaintiff's TRO motion, read against the background information provided in her Complaint and its attachments, raises a number of threshold questions, including whether plaintiff failed to obtain a "final decision" of the Commissioner, thus depriving the Court of subject matter jurisdiction, and whether this action is time-barred. *See* 42 U.S.C. § 405(g) (permitting an aggrieved individual to obtain judicial review of a "final decision of the Commissioner of Social Security made after a hearing to which [she] was a party," so long as she commences her civil action "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow"); *Mathews v. Eldridge,* 424 U.S. 319, 327 (1976) (holding that the "only avenue for judicial review" of an adverse decision as to a claimant's entitlement to SSI benefits is § 405(g), which "requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite"). Further, plaintiff's pleadings do not explain why her designation as Nalani's representative payee in 2017 – when her daughter was 18 years old – authorizes her to represent Nalani on a pro se basis in 2026. *See Perlman on behalf of Y.P. v. Comm'r of Soc. Sec.*, 2025 WL 2676048, at *2 (S.D.N.Y. Sept. 18, 2025) (dismissing pro se complaint where the plaintiff sought to challenge the denial of SSI benefits to his 20-year-old son, but did not plead "that he has custody of his son or that he has assumed responsibility for

5

Yochanan's care or [even] that the benefits that would be paid to Yochanan, were he to prevail in this case, would be distributed to Yochanan through Plaintiff").

These issues may also be raised by motion pursuant to Rule 12(b)(1) and/or 12(b)(6). Moreover, given that plaintiff delivered her Demand on June 12, 2024, but waited another year and a half to file this action – and, as noted above, has provided no information concerning Nalani's current condition or needs – the Court is not persuaded that expedited consideration of her motion is necessary to prevent further (or any) irreparable harm to Nalani. Consequently, the Commissioner's response to plaintiff's TRO motion, together with any cross-motion made pursuant to Rule 12, will be due on **March 24, 2026**. Plaintiff's optional reply memorandum, together with her opposition to any cross-motion, will be due on **April 23, 2026**. The Commissioner's optional reply memorandum with respect to its cross-motion, of any, will be due on **May 26, 2026**.

Dated: New York, New York
      January 29, 2026                 **SO ORDERED**.

                                   **BARBARA MOSES**
                                   **United States Magistrate Judge**