UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHONDA L. H.-B.,

               Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   04/27/26

26-CV-425 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Rhonda L. H.-B., proceeding pro se and *in forma pauperis*, filed this action on January 16, 2026, using the form designed for seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g), *see* Compl. (Dkt. 1), to which she attached 555 pages of exhibits, legal argument, and other documents, some of them heavily redacted and/or annotated by hand. Plaintiff principally seeks reinstatement of the Supplemental Security Income (SSI) benefits that the Social Security Administration (SSA) granted to her minor daughter Nalani J. B. (Nalani) as of October 2013, but discontinued in February 2018, after determining that Nalani (who was then 18 years old) was not disabled under the standards used for adults. *See* Compl. at ECF p. 11 (redacted and hand-annotated partial copy of Notice of Disapproved Claim dated Nov. 21, 2017); Averhart Decl. (Dkt. 31-2) Ex. A (complete and unredacted copy of Notice of Disapproved Claim dated Nov. 21, 2017).

Soon after filing her complaint, on January 26, 2026, plaintiff filed a motion for a temporary restraining order (TRO) and writ of mandamus, seeking, among other things, an order directing the SSA to (i) immediately release "unlawfully withheld SSI benefits" from February 2018 to the present, and (ii) immediately resume making "monthly SSI payments pending final adjudication." (Dkt. 11 at ECF p. 2.)

On January 27, 2026, the Hon. Paul A. Engelmayer, United States District Judge, referred this action to me for general pretrial management and report and recommendation on dispositive motions. (Dkt. 14.) That same day, plaintiff filed an "emergency letter motion" asking the Court to vacate the March 24, 2026 deadline for the SSA to file the Certified Administrative Record (CAR) pursuant to Supp. Soc. Sec. R. 4(a)-(b) and "proceed based on the undisputed record already before the Court." (Dkt. 19 at 1-2.) The following day, she filed a "Motion for Expedited Plenary Writ of Mandamus," in which she again requested a TRO and writ of mandamus compelling the Commissioner to restore Nalani's SSI benefits, and again asked the Court to vacate "any deadline predicated on production of a non-existent administrative record." (Dkt. 20 at 3.) Additionally, plaintiff submitted a letter requesting an "expedited R&R within 24 hours." (Dkt. 18 at 1.)

On January 29, 2026, I gave the Commissioner a deadline of March 24, 2026 to respond to plaintiff's TRO motion and file any cross-motion pursuant to Fed. R. Civ. P. 12. (Dkt. 23 at 6.) Additionally, I gave plaintiff a deadline of April 23, 2026 to file her optional reply memorandum in support of her TRO motion and her opposition to any Rule 12 motion filed by the Commissioner. (*Id.*) Finally, I gave the Commissioner a deadline of May 26, 2026 to file its optional reply memorandum with respect to its Rule 12 motion. (*Id.*)

On March 9, 2026, the Commissioner filed a motion and memorandum (Dkt. 31), supported by the Averhart declaration, asking the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), for lack of standing, or, in the alternative, to deny plaintiff's TRO motion. Since then, plaintiff has filed:

- a 34-page "Motion to Strike Defendant's Motion to Dismiss and Declaration and for Mandamus Relief," made pursuant to Fed. R. Civ. P. 12(f) (Dkt. 37);

- a 25-page document seemingly entitled "SSA Regulations Prove Voidness" (Dkt. 38)[1];

- a 61-page document again requesting a TRO and a writ of mandamus (Dkt. 39 at 3); and

- a 179-page "Memorandum of Law in Opposition to Defendant's Motion to Dismiss and in Support of Emergency Relief, Mandamus, and Judicial Enforcement." (Dkt. 40 at 3.)

As discussed in more detail below, portions of plaintiff's papers appear to constitute the unedited output of a generative artificial intelligence (AI) tool.

### Plaintiff's Motions to Vacate and Strike are Denied

Plaintiff's letter-motion to vacate the March 24, 2026 deadline for the Commissioner to file the CAR (Dkt. 19) is DENIED AS MOOT in light of the filing of the Commissioner's Rule 12(b)(1) motion on March 9, 2026. *See* Supp. Soc. Sec. R. 4(c)-(d).

Plaintiff's motion to strike the Commissioner's motion to dismiss (Dkt. 37), is DENIED. Rule 12(f) permits a district court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[A] motion to dismiss is not a pleading, and therefore not subject to a Rule 12(f) motion to strike." *Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp.,* 2015 WL 3999192, at *5 (S.D.N.Y. June 29, 2015) (collecting cases); *accord Williams v. Rosenblatt Sec. Inc.*, 136 F. Supp. 3d 593, 615 (S.D.N.Y. 2015), *opinion reinstated on reconsideration,* 2015 WL 6509112 (S.D.N.Y. Oct. 28, 2015).

### Plaintiff's Duplicative TRO and Mandamus Motions are Improper

As noted above, plaintiff first moved for a TRO and writ of mandamus on January 26, 2026. Since then – without waiting for a decision (or even full briefing) on that motion – she has sought essentially the same relief, on the same grounds, twice more: on January 28, 2026

---

[1] Dkt. 38 is not internally paginated and may have been filed out of order. The overall intent of the filing is difficult to discern.

(Dkt. 20) and April 21, 2026 (Dkt. 39). On April 24, 2026, the District Judge noted that plaintiff's most recent request for emergency relief is "substantially the same" as her first TRO motion, and directed her to adhere to the briefing schedule set for that motion. (Dkt. 41.) For the avoidance of doubt: the Commissioner need not separately respond to plaintiff's later-filed TRO and/or mandamus motions. Should plaintiff continue to file duplicative motions seeking the same relief, on the same grounds, the Court may impose sanctions, including but not limited to a filing injunction and/or monetary sanctions.

### Plaintiff's Opposition Brief is Too Long

Plaintiff's memorandum in opposition to the Commission's motion to dismiss and in further support of her original TRO motion (Dkt. 40) was timely filed. However, the Local Civil Rules of the Southern District of New York limit a party's brief in response to a motion (when prepared with a computer) to 8,750 words. *See* Local Civ. R. 7.1(c). Plaintiff's brief at Dkt. 40 contains over 27,000 words, and thus is more than three times too long – in part because every argument is repeated many times.[2] Moreover, portions of the brief appear to have been AI-generated – including its multiple captions, many of them appearing in template form, with

---

[2] *See, e.g.*, Dkt. 40 at 2 ("If it does not make logic, it does not make sense."), 80 ("If it does not make logic, it does not make sense."), 83 ("If it does not make logic, it does not make sense."), 104 ("If it doesn't make logic, it doesn't make sense."), 105 ("If it doesn't make logic, it doesn't make sense."), 111 ("If it doesn't make logic, it doesn't make sense."), 112 ("If it doesn't make logic, it doesn't make sense."), 115 ("If it doesn't make logic, it doesn't make sense.") (twice), 119 ("If it doesn't make logic, it doesn't make sense.") (twice), 120 ("If it does not make logic, it does not make sense."), 124 ("If it does not make logic, it does not make sense."), 132 ("If it does not make logic, it does not make sense."), 134 ("If it does not make logic, it does not make sense."), 145 ("If it does not make logic, it does not make sense."), 148 ("If it does not make logic, it does not make sense."), 149 ("If it does not make logic, it does not make sense."), 153 ("If it does not make logic, it does not make sense."), 159 ("If it does not make logic, it does not make sense."), 161 ("If it does not make logic, it does not make sense."), 164 ("If it does not make logic, it does not make sense."), 165 ("If it does not make logic, it does not make sense."); 167 ("If it does not make logic, it does not make sense."), 173 ("If it does not make logic, it does not make sense."), 178 ("If it does not make logic, it does not make sense.").

blanks for key information – and then submitted to this Court without any further review or editing.[3]

The Federal Rules of Civil Procedure do not prohibit the use of AI tools to help a party prepare litigation papers. However, Rule 11(b) states, in part, that "[b]y presenting to the court a pleading, written motion, or other paper . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). "At the bare minimum, this obligation requires litigants to carefully review every statement and citation drafted by AI to ensure that it is legally and factually correct, particularly given that AI tools make it much easier for pro se litigants to submit 'voluminous' briefing." *Perez v. Evans*, 2025 WL 2726792, at *3 (S.D.N.Y. Sept. 25, 2025) (quoting *Thornock v. Corp. of the Presiding Bishop of the Church of Jesus Christ of*

---

[3] *See, e.g.*, Dkt. 40 at ECF pp. 2-3 (caption identifying the venue as the Southern District of New York); 15 (same, but identifying the plaintiff as "[Your Name]"); 79 (caption identifying the venue as the "Court of Competent Jurisdiction" and identifying the plaintiff as "[Plaintiff Name]"); 85 (caption identifying the venue as the Southern District of New York, the plaintiff as "[Plaintiff Name]," and the case number as "[Insert Case Number]"); 104 (caption identifying the venue as the "Supreme Court of the State of New York, County of _____," the plaintiff as "[Your Name]," and the case number as "Index No.: _____"); 119 (caption identifying the venue as the "Court of Competent Jurisdiction" and the plaintiff as "Petitioner"); 132-33 (caption identifying the venue as the "United States District Court [District]," the plaintiff as "[Plaintiff Name]," and the case number as "Civil Action No.:_____"); 164 (caption identifying the venue as the "Court of Competent Jurisdiction" and the plaintiff as "Petitioner"); 166 (same); 172 (same). I note as well that plaintiff's motion to strike includes eight pages of drafting suggestions addressed to plaintiff in the second person. *See* Dkt. 37 at ECF pp. 26-33.

*Latter-Day Saints*, 2025 WL 1900314, at *4 n.5 (E.D. Va. July 9, 2025)); *accord McClellon v. Rickard*, 2026 WL 686499, at *9 (S.D.N.Y. Mar. 11, 2026).

In deference to plaintiff's pro se status, the Court will permit her to replace her defective brief with a single opposition memorandum that does not exceed 8,750 words (not including "the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates"). Local Civ. R. 7.1(c). The document must include "a certificate by the . . . party who is not represented by an attorney, that the document complies with the word-count limitations." *Id*. Plaintiff "may rely on the word count of the word-processing program used to prepare the document. The certificate must state the number of words in the document." *Id*. Additionally, plaintiff is cautioned that – whether or not she uses an AI tool to help her prepare her revised brief – she must personally review the document for legal and factual accuracy before submitting it to this Court.

Plaintiff must submit her revised opposition brief, in compliance with this Order, no later than **May 15, 2026**. If she fails to do so, the Court will consider the first 8,750 words of the brief at Dkt. 40 (excluding the first caption on ECF pp. 2-3), but will disregard the remainder. The Commissioner's reply papers, if any, remain due no later than **May 26, 2026**.

**Access to the Docket**

In its Order dated March 20, 2026 (Dkt. 36), the Court explained that, in order to obtain full electronic access to the docket in this action, plaintiff must file a Motion for Permission for Electronic Case Filing. Alternatively, she may withdraw her existing consent to electronic service (Dkt. 3), in which case the Commissioner and the Court will use the United States Postal Service to send her paper copies of all filings in this matter. There is no indication on the docket that plaintiff has done either of these things. As a courtesy, the Court will direct the Clerk to mail

a copy of this Order to the plaintiff. However, the Court will not continue doing so absent an affirmative indication from the plaintiff that she wishes to withdraw her existing consent to electronic service and receive mail service instead.

## Conclusion

For the reasons set forth above, the Clerk of Court is respectfully directed to close the motions at Dkts. 19 and 37, and mail a copy of this Order to the pro se plaintiff at 941 McClean Avenue, No. 484, Yonkers, NY 10704.

Dated: New York, New York
      April 27, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**